UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JOYCE JOHNSON** | : | Case No. 1:09-cv-086 |
| 14460 Upper Cumberland Rd. | : | |
| Mt. Orab, OH 45154 | : | Judge Weber |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **COMPLAINT WITH JURY DEMAND** |
| | : | **ENDORSED HEREON** |
| **HYDRO SYSTEMS COMPANY** | : | |
| c/o Corporation Service Company | : | |
| Lawyers Incorporating Service | : | |
| 50 W. Broad St., Suite 1800 | : | |
| Columbus, OH 43215 | : | |
| | : | |
| Defendant. | : | |

**PARTIES**

1. Plaintiff Joyce Johnson ("Plaintiff") is a citizen and resident of the state of Ohio.

2. Defendant Hydro Systems Company ("Defendant") is incorporated in the state of Delaware. Defendant does business in Hamilton County, Ohio. Defendant is an employer within the meaning of federal and Ohio law.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Counts I, II, and IV pursuant to 28 U.S.C. § 1331 because these Counts arise under the Family Medical Leave Act, 29 U.S.C. § 2611, the Americans with Disabilities Act, 42 U.S.C. §§ 12111 as amended, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.

4. This Court has supplemental jurisdiction over the state law claims in Counts III, V and VII pursuant to 28 U.S.C. § 1367 on the grounds that these Counts are so related to the

federal claims over which this Court has original jurisdiction, that they form the same case or controversy.

5. Plaintiff filed a timely charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on April 16, 2008. She filed the charge within 180 days of her termination on November 21, 2007.

6. The EEOC considered Plaintiff's charge to be timely filed.

7. On November 10, 2008, Plaintiff received a Notice of Right to Sue from the EEOC.

8. Plaintiff filed this Complaint on February 5, 2009, within 90 days of her receipt of the EEOC Notice of Right to Sue.

## FACTUAL ALLEGATIONS

9. Ms. Johnson was born in 1951.

10. Ms. Johnson is in remission from stage IV non-Hodgkins lymphoma follicular cancer.

11. Ms. Johnson began working for Defendant as a temporary assembler in October of 2005.

12. Defendant hired Ms. Johnson on full-time for the assembler position on or about January 9, 2006.

13. At all relevant times, Ms. Johnson was qualified for her position as an assembler and was a loyal and dedicated employee.

14. On October 26, 2006, Ms. Johnson requested FMLA leave for a biopsy and hernia repair surgery.

15. She was diagnosed with stage IV non-Hodgkins lymphoma follicular cancer.

16. Ms. Johnson returned to full-time work on January 2, 2007.

17. Ms. Johnson requested intermittent FMLA leave to undergo treatments for the cancer.

18. Defendant alleged that Ms. Johnson's FMLA leave had been exhausted and denied portions of her intermittent request.

19. Ms. Johnson informed her manager, Jerry Dadosky about the diagnosis.

20. In response to learning of Ms. Johnson's diagnosis, Mr. Dadosky told her not to tell co-workers or anyone else at Hydro Systems that she had cancer.

21. Although Ms. Johnson has been in remission since July 2007, she continues to suffer from constant fatigue and is highly susceptible to illnesses.

22. In fact, Ms. Johnson had to take several sick days in 2007 for these illnesses.

23. On November 20, 2007, Mr. Dadosky met with Ms. Johnson to inform her that he was investigating alleged complaints from co-workers about her attitude.

24. Mr. Dadosky did not give Ms. Johnson the opportunity to discuss the allegations and escorted her off of the premises.

25. On or about November 26, 2007, Ms. Johnson received a letter from Defendant informing her that it had terminated her employment effective November 21, 2007.

26. Upon information and belief, the majority of employees terminated by Defendant in 2007 and 2008 have been female and/or over 40.

27. Defendant has engaged in a pattern and practice of gender and/or age discrimination.

## COUNT I

### (FMLA Retaliation and Interference)

28. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

29. Plaintiff suffered from a serious health condition as defined by the FMLA, 29 U.S.C. § 2611.

30. Plaintiff requested medical leave from work due to her serious health condition.

31. Defendant interfered with Plaintiff's ability to exercise her rights under the FMLA in violation of the FMLA.

32. Defendant terminated Plaintiff's employment in retaliation for exercising her rights under the FMLA.

33. Defendant's actions constitute willful violations of the FMLA, 29 U.S.C. § 2601 et seq.

34. As a result of Defendant's willful violation of the FMLA, Plaintiff has suffered damages and is entitled to relief.

## COUNT II

### (Disability Discrimination - ADA)

35. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

36. Plaintiff has a disability, or Defendant perceived Plaintiff as being disabled under the ADA.

37. Plaintiff was qualified for her position at all relevant times.

38. Defendant terminated Plaintiff's employment based upon her disability or perceived disability in violation of the ADA.

39. Defendant's actions were intentional, willful, wanton, and malicious in nature.

40. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages for which she is entitled to recovery under the ADA.

## COUNT III

### (Disability Discrimination - O.R.C. § 4112)

41. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

42. Plaintiff has a disability, or Defendant perceived Plaintiff as being disabled under Ohio law.

43. Plaintiff was qualified for her position at all relevant times.

44. Defendant terminated Plaintiff's employment based upon her disability or perceived disability in violation of O.R.C. § 4112.02.

45. Defendant's actions were intentional, willful, wanton, and malicious in nature.

46. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages for which she is entitled to recovery under O.R.C. § 4112.99.

## COUNT IV

### (Age Discrimination - ADEA)

47. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

48. Plaintiff was over the age of forty and qualified for her position at all relevant times.

49. Defendant discriminated against Plaintiff by terminating her employment on account of her age in violation of the ADEA.

50. Defendant engages in a pattern and practice of age discrimination.

51. Defendant's termination of Plaintiff's employment allowed for the retention and hiring of significantly younger individuals.

52. Defendant's actions in violating the ADEA were intentional, willful, wanton, and malicious in nature.

53. As a direct and proximate cause of Defendant's unlawful discriminatory conduct, Plaintiff has been damaged and is entitled to relief under the ADEA.

## COUNT V

### (Age Discrimination - R.C. Chapter 4112)

54. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

55. Plaintiff was over the age of forty and qualified for her position at all relevant times.

56. Defendant discriminated against Plaintiff by terminating her employment on account of her age in violation of R.C. § 4112, et seq.

57. Defendant engages in a pattern and practice of age discrimination.

58. Defendant's termination of Plaintiff's employment allowed for the retention and hiring of significantly younger individuals.

59. Defendant's actions were intentional, willful, wanton, and malicious in nature.

60. As a direct and proximate cause of Defendant's unlawful discriminatory conduct, Plaintiff has been damaged and is entitled to relief under R.C. § 4112.99.

## COUNT VI

### (Gender Discrimination - R.C. Chapter 4112)

61. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

Case: 1:09-cv-00086-HJW Doc #: 1 Filed: 02/05/09 Page: 7 of 8 PAGEID #: 7

62. Plaintiff is female.

63. Plaintiff was qualified for her position at all relevant times.

64. Defendant discriminated against Plaintiff by terminating her employment on account of her gender in violation of R.C. § 4112, et seq.

65. Defendant engages in a pattern and practice of gender discrimination.

66. Defendant's termination of Plaintiff's employment allowed for the retention and hiring of male individuals.

67. Defendant's actions were intentional, willful, wanton, and malicious in nature.

68. As a direct and proximate cause of Defendant's unlawful discriminatory conduct, Plaintiff has been damaged and is entitled to relief under R.C. § 4112.99.

**WHEREFORE**, Plaintiff Joyce Johnson demands judgment against Defendant Hydro Systems Company as follows:

(a) That Defendant be enjoined from further unlawful conduct as described in the Complaint;

(b) That Plaintiff be reinstated;

(c) That Plaintiff be awarded compensatory damages including emotional distress;

(d) That Plaintiff be awarded all lost pay and benefits;

(e) That Plaintiff be awarded front pay.

(f) That Plaintiff be awarded punitive damages;

(g) That Plaintiff be awarded liquidated damages;

(h) That Plaintiff be awarded pre-judgment interest;

(i) That Plaintiff be awarded reasonable attorneys' fees; and

  (j)  That Plaintiff be awarded all other legal and equitable relief to which she may be entitled.

          Respectfully submitted,

          /s/ Katherine D. Daughtrey
          Kelly Mulloy Myers (0065698)
          Katherine D. Daughtrey (0082245)
          Trial Attorneys for Plaintiff
          Freking & Betz, LLC
          525 Vine Street, Sixth Floor
          Cincinnati, Ohio  45202
          Phone: (513) 721-1975/Fax: (513) 651-2570
          *kmyers@frekingandbetz.com*
          *kdaughtrey@frekingandbetz.com*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

          /s/ Katherine D. Daughtrey